FILED
DEC - 1 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:                              ) Case No. 05-26719-D-13L
                                    ) Docket Control No. PGM-1
LINDA C. LINDSAY,                   )
                                    ) Date:  November 21, 2006
          Debtor.                   ) Time:  1:00 p.m.
_____) Dept:  D

## MEMORANDUM DECISION

Linda C. Lindsay (the "Debtor") has objected to the Proof of Claim filed by Douglas Lopes. For the reasons set forth below, the court will sustain the objection.

### I. INTRODUCTION

The Debtor filed her Chapter 13 petition on June 2, 2005. In the F-Schedule filed in her case on July 7, 2005, the Debtor scheduled a disputed, unliquidated claim in favor of Mr. Lopes, in the amount of $7,000.00, and states as follows: "unknown subject to set off for payment made by debtor of [$]70,000 in 6/03." In an "Amended Schedule F" filed on July 8, 2005 (apparently intended to add omitted creditors), the Debtor did not include Mr. Lopes.

On July 28, 2005, a timely Proof of Claim, which the Clerk denoted as Claim No. 3 (the "Claim"), was filed on behalf of Mr. Lopes. In the Claim, Mr. Lopes alleges that he was owed the sum of $13,000 at the time the Debtor's bankruptcy case was filed and that the debt was incurred in November 2003, but the Claim does not state the basis for the Claim (the box marked "Other" is checked, but no description follows). The Claim indicates that

/ / /

no part of the amount owed is secured by property or entitled to priority.

On August 21, 2006, the Debtor filed an objection to the Claim, bearing Docket Control No. PGM-1 ("the Objection"). In the Objection, the Debtor requests that the court disallow the Claim in its entirety. In support of the Objection, the Debtor filed on August 21, 2006 a four-sentence Declaration of Linda Lindsay and one exhibit, consisting of a copy of the Claim. The Debtor's August 21 declaration states that the Claim is based on damage for personal property, and the Debtor denies that she damaged "any property." The Objection was set for hearing on October 10, 2006.

On September 27, 2006, Mr. Lopes filed opposition to the Objection (the "Opposition"). The Opposition was supported by a Declaration of Doug Lopes, also filed September 27, 2006. On October 3, 2006, the Debtor filed a Reply, which was not supported by an additional declaration or other evidence, but which asserted that Mr. Lopes had failed to provide evidence sufficient for allowance of the Claim.

Given the nature of the dispute and the status of the record made up to that time, the court at the October 10, 2006 hearing requested that the parties submit, on or before November 13, 2006, a joint statement describing payments not disputed between the parties and payments in dispute. The hearing was continued to November 21, 2006.

The parties did not submit a joint statement as requested by the court. Instead, on November 13, 2006, only the Debtor filed further documents, consisting of a twice-filed a "Supplemental

Reply." No party pursuant to Local Bankruptcy Rule 9014-1(f) stated opposition to the resolution of disputed factual issues pursuant to Federal Rule of Civil Procedure 43(e), made applicable by Federal Rule of Bankruptcy Procedure 9017.

## II. ANALYSIS

This court has jurisdiction over the Objection pursuant to 28 U.S.C. sections 1334 and 157(b)(1). The Objection is a core proceeding under 28 U.S.C. section (b)(2)(B). The Objection was brought pursuant to Federal Rule of Bankruptcy Procedure 3007.

A proof of claim executed and filed according to applicable rules is presumed to be prima facie valid. Fed. R. Bankr. P. 3001(f); see 11 U.S.C. § 501(a) (deeming a filed proof of claim as allowed). If the allegations in a proof of claim "set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). A proof of claim lacking documentation does not qualify for the evidentiary benefit of Rule 3001(f), but that by itself is not a basis to disallow the claim. See In re Heath, 331 B.R. 424 (B.A.P. 9th Cir. 2005) (credit card claims).

The objecting party may overcome a proof of claim's presumptive validity only by offering evidence of equally probative value in rebutting the evidence offered by the proof of claim. Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage), 178 B.R. 222, 226-27 (B.A.P. 9th Cir. 1995, aff'd 91 F.3d 151 (9th Cir. 1996). With such an objection, the burden shifts back to the claimant to produce evidence meeting the objection and establishing the claim.

Consolidated Pioneer, 178 B.R. at 226 (quoting In re Allegheny Internat'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

In this case, the Claim is lacking in documentation and fails to describe the basis for the allegation that money is owing. The statements in the Debtor's F-Schedule as to amounts owed to Mr. Lopes do not lend any support to the Claim. The Debtor's statement, describing a "payment made by debtor of [$]70,000 in 6/03," could not possibly support the existence of the obligation alleged in Claim, which obligation Mr. Lopes asserts was incurred months later, in November 2003. Lacking any statement of the basis for the claim, the court finds that the Claim is not valid on its face.

In response to the Debtor's objection to the Claim, however, Mr. Lopes was given the opportunity to prove up the Claim. In his declaration filed September 27, 2006, the only testimony submitted in support of the Opposition, Mr. Lopes describes a "partnership" between himself and the Debtor, but provides no dates or no documentary evidence of such a partnership. He goes on to state:

> Settlement of the Lindsay Lopes partnership and relationship ended with provision for buy out of equity and return of personal property. Cash has been paid, but the limited personal property that was returned was damaged or missing. I have not received many personal items. The loss and damage to his [sic] personal property is the subject matter of my claim and cross complaint against Lindsay.
>
> I claim over $15,000 in missing personal property taken by Lindsay.

The court finds this evidence unconvincing. In the face of the Debtor's statement that she damaged no property, Mr. Lopes has not even provided even the most rudimentary description of

any such property, much less a valuation of such property. The court cannot conclude that Mr. Lopes has born his burden of proving a claim for property damage where the property is not even described. In addition, Mr. Lopes's assertion in his declaration, that $15,000 is owed, is inconsistent with his statement in the Claim that $13,000 is owed, which undermines his credibility.

Given the lack of prima facie validity for the Claim, and Mr. Lopes's subsequent failure to prove up the Claim in this proceeding, the Claim will be disallowed in its entirety.

### III. CONCLUSION

For the reasons set forth above, the court will sustain the Debtor's objection to the Claim. The court will issue an order consistent with this memorandum.

Dated: DEC - 1 2006

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

# CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1858

Linda Lindsay
P.O. Box 58
Garden Valley, CA 95633

Peter Macaluso, Esq.
910 Florin Rd., #111
Sacramento, CA 95831-5259

Patrick Calhoun, Esq.
262 E. Hamilton Avenue, Suite H
Campbell, CA 95008

DATE:   DEC - 1 2006

_____
Deputy Clerk