FILED

DEC − 4 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | Case No. 05-26719-D-13L |
| | ) | Docket Control No. PGM-2 |
| LINDA C. LINDSAY, | ) | |
| | ) | Date:  November 21, 2006 |
| Debtor. | ) | Time:  1:00 p.m. |
| _____ | ) | Dept:  D |

### MEMORANDUM DECISION

Linda C. Lindsay (the "Debtor") has objected to the Proof of Claim filed by Jason Gloria.  For the reasons set forth below, the court will overrule the objection.

### I.  INTRODUCTION

The Debtor filed her Chapter 13 petition on June 2, 2005. In the F-Schedule filed in her case on July 7, 2005, the Debtor scheduled a disputed, unliquidated claim in favor of Mr. Gloria, in the amount of $30,000.00. and states as follows: "11/1/99 - loan subject to claim of debtor for payments made and not credited."  In an "Amended Schedule F" filed on July 8, 2005 (apparently intended to add omitted creditors), the Debtor did not include Mr. Gloria.

On July 28, 2005, a timely Proof of Claim, which the Clerk denoted as Claim No. 2 (the "Claim"), was filed on behalf of Mr. Gloria.  In the Claim, Mr. Gloria alleges that he was owed the sum of $33,000.00 at the time the Debtor's bankruptcy case was filed, that the debt was incurred in November 1999, and that the claim is based on money loaned to the Debtor.  The Claim indicates that no part of the amount owed is secured by property or entitled to priority.

131

1    On August 21, 2006, the Debtor filed an objection to the

2 Claim, bearing Docket Control No. PGM-2 ("the Objection").   In

3 the Objection, the Debtor requests that the court disallow the

4 Claim in its entirety.   In support of the Objection, the Debtor

5 filed on August 21, 2006 a seven-sentence Declaration of Linda

6 Lindsay and several exhibits.   The Objection was set for hearing

7 on October 10, 2006.

8    On September 27, 2006, Mr. Gloria filed opposition to the

9 Objection (the "Opposition").   Various documents were attached as

10 exhibits to the Opposition, and the Opposition was supported by a

11 Declaration of Jason Gloria, also filed September 27, 2006.   On

12 October 3, 2006, the Debtor filed a Reply, which was not

13 supported by an additional declaration or other evidence.

14    Given the nature of the dispute and the status of the record

15 made up to that time, the court at the October 10, 2006 hearing

16 requested that the parties submit a joint statement of disputed

17 and undisputed facts, on or before November 13, 2006, and also

18 permitted the parties to file supplemental pleadings by the same

19 date.   The hearing was continued to November 21, 2006.

20    The parties failed to submit a joint statement of facts, but

21 instead each party separately filed various documents before the

22 November 21 hearing.   On November 13, 2006, Mr. Gloria filed two

23 additional declarations (one in his name, which is merely a

24 duplicate of the one filed earlier, and one in the name of Doug

25 Lopes) and a "Pretrial Statement."   On the same date, the Debtor

26 filed additional exhibits and a "Supplemental Reply."   No formal

27 / / /

28 / / /

- 2 -

objections were offered to any of the documentary or testimonial evidence submitted by either party.[1]  No party pursuant to Local Bankruptcy Rule 9014-1(f) stated opposition to the resolution of disputed factual issues pursuant to Federal Rule of Civil Procedure 43(e), made applicable by Federal Rule of Bankruptcy Procedure 9017.

## II. ANALYSIS

This court has jurisdiction over the Objection pursuant to 28 U.S.C. sections 1334 and 157(b)(1).  The Objection is a core proceeding under 28 U.S.C. section (b)(2)(B).  The Objection was brought pursuant to Federal Rule of Bankruptcy Procedure 3007.

A proof of claim executed and filed according to applicable rules is presumed to be prima facie valid.  Fed. R. Bankr. P. 3001(f); see 11 U.S.C. § 501(a) (deeming a filed proof of claim as allowed).  If the allegations in a proof of claim "set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991).  A proof of claim lacking documentation does not qualify for the evidentiary benefit of Rule 3001(f), but that by itself is not a basis to disallow the claim.  See In re Heath, 331 B.R. 424 (B.A.P. 9th Cir. 2005) (credit card claims).

/ / /

---

1.  The court notes that neither party made any attempt to authenticate the various documents submitted as evidence. Particularly troublesome is the practice of both parties, of submitting pages of various figures and notations, including documents apparently prepared for other proceedings, without any attempt to authenticate the documents or establish any foundation for admission of the documents as evidence.

1    The objecting party may overcome a proof of claim's

2 presumptive validity only by offering evidence of equally

3 probative value in rebutting the evidence offered by the proof of

4 claim.   Ashford v. Consolidated Pioneer Mortgage (In re

5 Consolidated Pioneer Mortgage), 178 B.R. 222, 226-27 (B.A.P. 9th

6 Cir. 1995, aff'd 91 F.3d 151 (9th Cir. 1996).  With such an

7 objection, the burden shifts back to the claimant to produce

8 evidence meeting the objection and establishing the claim.

9 Consolidated Pioneer, 178 B.R. at 226 (quoting In re Allegheny

10 Internat'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)).

11    In this case, the Claim, although lacking in documentation

12 to support it, states the elements necessary to establish a claim

13 for money.  It states the amount allegedly owed ($33,000), the

14 date the debt was allegedly incurred (November 1999), and the

15 basis for the claim ("money loaned").  As discussed below, Mr.

16 Gloria alleges that his inability to produce a copy of the

17 promissory note for the loan is the Debtor's doing.

18    To support the Objection, the Debtor has offered only the

19 brief declaration filed with the Objection and the various

20 unauthenticated documents described below.  In her declaration,

21 the Debtor admits (as stated in the F-Schedule filed July 7,

22 2005) that the basis of the claim is a "personal loan" incurred

23 in November 1999.  She states that the principal amount of the

24 loan was in the amount of $35,000, that it was "based on an oral

25 agreement," and that "the terms of the oral agreement were at 5%

26 interest."  The Debtor alleges that "I have paid the creditor

27 [who remains unnamed in the declaration] $36,507.73 in various

28 checks and as listed in the attached documents, imposed sanction

- 4 -

[sic] of $823.80, for a total of $37,331.53." On that basis, the Debtor states, "I believe that this loan has been paid in full."

The "attached documents" to which the Debtor refers in her declaration consist of a copy of the Claim, and a one-page document which is titled: "Proof of Payment for personal loan." But in fact the document provides no tangible proof of payment in regard to the loan. The document consists of three columns, one with various dates, one with check numbers, and one with various amounts of money. The amounts have not been totaled, several of the amounts are illegible, and there is no express statement that any amount described was in fact paid to Mr. Gloria on account of the loan described in the Claim.

The documents submitted by the Debtor on November 13, 2006 are also unauthenticated, and consist of a settlement conference statement apparently prepared by the Debtor's counsel in a state-court proceeding, and document titled "Loan History Inquiry - Ascending," apparently prepared by Countrywide Home Loans. The former document includes no evidence; it is merely a hearsay statement of allegations made on behalf of the Debtor in another proceeding. The latter document has been marked by hand with a statement regarding an "over pmt check" allegedly sent to Douglas J. Lopes; the lack of authentication aside, this document also provides nothing tangible by way of evidence, since the only statement even remotely relevant to the issue before the court is the hand-written statement (the author of which remains anonymous) that a check was sent to on Douglas J. Lopes (not Mr. Gloria). In short, the court finds the documents submitted by the Debtor, despite the lack of objection to their introduction,

- 5 -

1 to have almost no evidentiary effect:  even presuming that the
2 Debtor is the party that made the various payments described, and
3 even presuming that she paid approximately $12,000 to Mr. Gloria,
4 and that Mr. Gloria received approximately $2,000 from
5 Countrywide Home Loans, there is nothing to connect these
6 payments to the loan described in the Claim, which loan the
7 Debtor has admitted Mr. Gloria made to her in November 1999.

8        Mr. Gloria has submitted evidence for this proceeding only
9 slightly better than the Debtor's.  His declaration filed
10 September 27, 2006 states that the $35,000 loan to the Debtor was
11 "payable $887.69 per month at 10% per annum interest all due and
12 payable 4 years."[2]  He states that the Debtor "paid me
13 $21,076.14," and that his calculations indicate that as of
14 October 9, 2006 [over one year after the Debtor's bankruptcy
15 petition was filed], the balance owed was $38,727.23."  Mr.
16 Gloria testifies that the loan was memorialized in a promissory
17 note, but, based on various allegations, he asserts that the
18 Debtor has possession of it and denies its existence.  Finally,
19 Mr. Gloria testifies that he did not receive any part of any
20 payments made to Mr. Lopes by the Debtor, and that Mr. Lopes was
21 not "given permission to collect this debt or receive funds on my
22 behalf."  The declaration of Doug Lopes filed November 13, 2006
23 states that $12,000 he received from the Debtor (on a date which

24

25        2.  The court notes that an obligation to repay a $35,000 loan
26 over four years with 10% interest is typically amortized at payments
   of $877.69 per month.  This is the amount of payments the parties
27 apparently agree were made by the Debtor for the first seven months,
   after which time payments were reduced.  If the $35,000 loan were
28 amortized over four years with 5% interest (the rate alleged by the
   Debtor), the payments would be only $806.03 per month.

1  is only vaguely described as some time after the Debtor sold
2  certain real property at some time in the past), was a payment to
3  him for services rendered, not a payment to Mr. Gloria.

4      Much of the documentary evidence submitted by Mr. Gloria
5  suffers from the same defects as the Debtor's.  Generally, no
6  attempt was made to establish any foundation for a finding by the
7  court that the copies of various documents submitted (such as
8  copies of checks) are true copies of originals or otherwise
9  represent what Mr. Gloria purports them to be.  As to the
10 calculations submitted by Mr. Gloria, to support his allegation
11 that the amount of $38,727.23 is owed (rather than the $33,000
12 stated in the Claim), they are inaccurate (for example, $2,709.56
13 in interest is added to a principal balance of $27,095.65, for a
14 total of $32,250.28, which is incorrect; the correct sum is
15 $29,805.21).

16     Based on the evidence submitted by the parties, the court
17 finds, given the Debtor's admissions of having received the
18 $35,000 loan in November 1999, that the Claim is prima facie
19 valid and was filed in the amount of $33,000 (general unsecured).
20 The Debtor has failed to provide evidence of sufficient weight to
21 rebut the contents of the Claim, and has failed to persuade the
22 court that she has in fact paid all amounts owed to Mr. Gloria.

23     But the court does not find the "calculations" attached to
24 Mr. Gloria's September 27 declaration to be persuasive, because
25 of inaccuracies and the apparent effort to include interest
26 accrued post-petition on the unsecured loan.  The court therefore
27 cannot find that Mr. Gloria has established a claim in the higher
28 amount of $38,727.23.

1    This means that the Claim will be allowed in the filed

2 amount of $33,000.

3                          III. CONCLUSION

4    For the reasons set forth above, the court will overrule the

5 Objection and allow the Claim in the amount of $33,000 as a

6 nonpriority unsecured claim.  The court will issue an order

7 consistent with this memorandum.

8

9 Dated:  _Dec. 4, 2006_        _Robert Bardwil_

10                               ROBERT S. BARDWIL
                                United States Bankruptcy Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1858

Linda Lindsay
P.O. Box 58
Garden Valley, CA 95633

Peter Macaluso, Esq.
910 Florin Rd., #111
Sacramento, CA 95831-5259

Patrick Calhoun, Esq.
262 E. Hamilton Avenue, Suite H
Campbell, CA 95008

DATE: **DEC - 4** 2006

_Andrea Lovgren_
Deputy Clerk